USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/6/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X
:
OPTANIX, INC., :
:
Plaintiff, : 1:20-cv-09660-GHW
:
-against- : MEMORANDUM OPINION
: & ORDER
ALORICA INC., :
:
Defendant. :
:
-------------------------------------------------------------------- X

GREGORY H. WOODS, District Judge:

## I. INTRODUCTION

Defendant Alorica signed up for a three-year subscription for technology and services provided by Plaintiff Optanix. Alorica sought to terminate the relationship between the parties before the three-year term expired. The parties agree that they entered into an agreement with each other regarding the subscription, but disagree about which document governs their relationship: Optanix alleges that the operative contract consists of a master services agreement between two separate entities, and quotes issued annually under the master services agreement from Optanix to Alorica. Alorica insists that the operative contract is a purchase order that it sent to Optanix and the terms and conditions on Alorica's website. The parties each allege that the other is in breach of contract. Optanix has also brought claims for a declaratory judgment, account stated, and unjust enrichment. Alorica also raised counterclaims for breach of express and implied warranties, and negligent misrepresentation.

Alorica has moved to dismiss Optanix's claims for declaratory judgment and unjust enrichment. Optanix has moved to dismiss Alorica's counterclaims in their entirety. The Court has resolved Alorica's challenge to the unjust enrichment claim and Optanix's motion to dismiss the counterclaims by separate order. This opinion only addresses Alorica's motion to dismiss the

declaratory judgment claim.  Because Optanix's declaratory judgment claim is duplicative of its breach of contract claim, the declaratory judgment claim is dismissed.

## II. BACKGROUND[1]

On September 9, 2008, Ryla Teleservices, Inc. ("Ryla") entered into a Master Services Agreement (the "MSA") with ShoreGroup, Inc. ("ShoreGroup").  Compl. ¶ 11.  On or about January 1, 2012, Ryla merged with Defendant Alorica, Inc.  *Id.* ¶ 12.  On or about November 8, 2016, ShoreGroup changed its name to Optanix, Inc.  *Id.* ¶ 13.  Under the MSA, Alorica agreed to pay a discounted price for technical subscription services supplied by Optanix for a set period of time.  *Id.* ¶ 2.  Optanix invoiced Alorica on a periodic basis.  *Id.*

Optanix issued two quotes to Alorica on October 26, 2018 (together, the "Quotes").  *Id.* ¶ 14; Exhibit D to Compl. ("Ex. D").  The first quote was for the "Router-Switch" and had a contract value of $3,982,104.42, with $1,239,333.78 in annual subscription fees to be paid each year for the duration of the three-year subscription term.  *Id.* ¶ 15; Ex. D.  The second quote was for the "Physical/Virtual Server Infrastructure," which had a contract value of $1,677,042.50, with $532,740.00 in annual subscription fees to be paid each year for the duration of the subscription term.  *Id.*; Ex. D.  Alorica signed the Quotes on December 28, 2018.  Ex. D.  The two Quotes together had an aggregate contract value of $5,659,146.92.  *Id.*; Compl. ¶ 15.  The following statement appears at the bottom of each quote:  "This order cannot be terminated for convenience and discounts have been provided for multi-year commitment."  Ex. D.  Optanix alleges that the MSA, together with the Quotes, constitute the contract that governs the parties' relationship.

---

[1] The facts described here are derived from Optanix's complaint.  Dkt. No. 1-1.  They are accepted as true solely for the purpose of evaluating Alorica's motion to dismiss Optanix's declaratory judgment and unjust enrichment claims.  *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 110–11 (2d Cir. 2010).  As explained during the July 6, 2021 conference, certain of these facts are contested by Alorica.  Therefore, for the purpose of assessing Optanix's motion to dismiss Alorica's counterclaims, the Court accepted the well-pleaded facts in Alorica's counterclaims as true.

2

Also on December 28, 2018, Alorica sent Optanix a Purchase Order (the "PO"). Compl. ¶ 18; *see* Exhibit F to Compl. ("Ex. F"). The PO provided for the acquisition of technology and services from Optanix, totaling $5,659,146.92—the same contract value as the Quotes issued by Optanix. Optanix alleges that the PO did not contain a signature block or signature requirement. Compl. ¶ 19; *see* Ex. F. Because at bottom of each page of the PO, except for the last, the following language appears: "please read all terms and conditions on the last page of this purchase order. By accepting, confirming or fulfilling this purchase order, you are agreeing to all of such terms and conditions, which are part of, and incorporated into this purchase order." Ex. F. at ECF pp. 44-50 (emphasis omitted). The last page of the PO says that "[t]his Purchase Order is subject to Alorica Inc, its subsidiaries and affiliates standard terms and conditions which can be viewed at https://www.alorica.com/Procurement/, unless a fully executed Master Agreement exist between Vendor and Alorica Inc, its subsidiaries and affiliates; in which case the Master Agreement will regulate the terms and conditions of this Purchase Order." *Id.* at ECF p. 52.

On January 4, 2019, Optanix invoiced Alorica for $273,264.24. Compl. ¶ 20. Alorica paid that invoice on February 5, 2019. *Id.* ¶ 21. On April 17, 2019, Optanix invoiced Alorica for $2,016,222.64. *Id.* ¶ 22. Alorica paid that invoice on May 21, 2019. *Id.* ¶ 23. On May 1, 2020, Optanix invoiced Alorica for $1,918,269.91. Alorica did not pay that invoice. *Id.* ¶ 24. As of the filing of its Complaint, Optanix had not yet invoiced Alorica for the remaining subscription payments. *Id.* ¶ 26.

On July 20, 2020, Alorica informed Optanix that it was electing to terminate the PO pursuant to terms and conditions it alleges were incorporated by reference into the PO. *Id.* ¶¶ 28, 31. Alorica alleges that Optanix agreed to those terms by "accepting, confirming and fulfilling" the PO. Ex. F. However, Optanix maintains that the terms and conditions incorporated by reference into the PO do not govern the parties' agreements; rather, they contend, the terms and conditions

3

set forth in the MSA control.  *Id.* ¶¶ 32-34.  According to Optanix, the MSA satisfies the Master Agreement condition referenced in the PO; under the terms of the MSA, Alorica's multi-year subscription cannot be terminated for convenience because Alorica was given a multi-year discount. *Id.* ¶ 33.

On July 22, 2020, Optanix responded to Alorica's termination letter and informed Alorica that it could not terminate the PO for convenience during the active three-year term.  Exhibit G to Compl.  The letter also informed Alorica that the MSA between Ryla and Shoregroup contained the applicable terms and conditions of the parties' agreement, not the PO.  *Id.*  In response, Alorica attempted to terminate the MSA under a provision permitting termination for "'change of control' or [ ] 'beneficial ownership' of more than 20% of the 'equity securities' of Customer[,]" citing Ryla's merger with Alorica in 2012.  Exhibit H to Compl.  On August 15, 2020, Optanix reasserted its demand for payment from Alorica and its position that Alorica had breached the parties' agreements.  Exhibit I to Compl.  On August 17, 2020, Alorica repeated its position that the parties' relationship had been terminated.  Compl. ¶44.

On October 7, 2020, Optanix filed this action in New York Supreme Court, alleging that Alorica had failed to pay for goods and services under the MSA and the related Quotes.  Dkt. No. 1-1.  Optanix brings causes of action for (1) declaratory judgment; (2) breach of contract; (3) account stated; and (4) in the alternative, unjust enrichment.  *Id.* at 9-12.  In Optanix's declaratory judgment claim, it asks the Court for a declaration that "(A) the MSA remains active and enforceable; (B) the Quotes remain valid and enforceable; (C) that neither the MSA nor the Quotes have been validly terminated by Alorica; and (D) that Alorica's attempted terminations constitute a breach and anticipatory repudiation of the contract."  *Id.* at 10.

On November 17, 2021, Alorica removed Optanix's suit to this Court.  Dkt. No. 1.  Alorica moved to dismiss Optanix's declaratory judgment and unjust enrichment claims on December 4, 2020, Dkt. No. 15, and answered and filed its counterclaims on December 21, 2020.  Dkt. No. 21.

4

Optanix opposed Alorica's motion to dismiss on January 8, 2021, and Alorica replied on January 22, 2021. Dkt. Nos. 23, 29. Optanix moved to dismiss Alorica's counterclaims on January 29, 2021. Dkt. No. 30. Alorica opposed Optanix's motion on February 18, 2021, and Optanix replied on February 26, 2021. Dkt. Nos. 34, 36.

## III.  LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a complaint fails to meet this pleading standard, a defendant may move to dismiss it for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion to dismiss under Rule 12(b)(6), the Court must "accept[] all factual allegations [in the complaint] as true and draw[] all reasonable inferences in the plaintiff's favor." *DiFolco*, 622 F.3d at 110–11 (alterations in original) (quoting *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009)). To avoid dismissal, a complaint must allege "sufficient facts, taken as true, to state a plausible claim for relief." *Johnson v. Priceline.com, Inc.*, 711 F.3d 271, 275 (2d Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*

A document is incorporated by reference if "[the party's] action or defense" is based upon it, and "the complaint . . . make[s] a clear, definite and substantial reference" to it. *Lynch v. City of New York*, 952 F.3d 67, 79 (2d Cir. 2020) (citations omitted); *BankUnited, N.A. v. Merritt Env't Consulting Corp.*, 360 F. Supp. 3d 172, 183 (S.D.N.Y. 2018) (quotation omitted). A court can also consider documents that are "integral to" the complaint, provided that the complaint relies heavily upon its terms and effects. *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016). Here, Optanix roots its claims in the exhibits attached to the complaint. Accordingly, those exhibits—the MSA, the

5

Quotes, the PO, and the correspondence between the parties that Optanix has attached to its complaint—may properly be considered by the Court at the pleading stage as they are incorporated by reference into the complaint.

IV. **DISCUSSION**

Alorica seeks to dismiss Optanix's claim for declaratory judgment because it is duplicative of Optanix's breach of contract claim. The Court agrees. Because Optanix's request for declaratory judgment is duplicative of the relief it seeks under its breach of contract claim, Optanix's claim for declaratory judgment is dismissed.

The decision on whether to grant declaratory relief is subject to the court's discretion, which turns on the following considerations: "(1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; and (2) whether a judgment would finalize the controversy and offer relief from uncertainty." *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 389 (2d Cir. 2005)) (citation omitted). Courts reject declaratory judgment claims "when other claims in the suit will resolve the same issues," because, under such circumstances, a declaratory judgment will not serve any useful purpose. *EFG Bank AG v. AXA Equitable Life Ins. Co.*, 309 F. Supp. 3d 89, 99 (S.D.N.Y. 2018). Accordingly, where a claim for declaratory judgment "seeks a declaration of the same rights as will be determined under [a claimant's] action for breach of contract," it is duplicative and may be dismissed. *Lorterdan Props. at Ramapo I, LLC v. Watchtower Bible & Tract Soc'y of N.Y., Inc.*, No. 11-CV-3656 (CS), 2012 WL 2873648, at *9 (S.D.N.Y. July 10, 2012) (citation omitted). Conversely, where "a claim for declaratory judgment 'seeks distinct relief from' a breach of contract claim, then notwithstanding some overlap between the two claims, it is not duplicative." *Personal Watercraft Prod. SARL v. Robinson*, No. 16-cv-9771 (AJN), 2017 WL 4329790, at *11 (S.D.N.Y. Sept. 1, 2017) (citation omitted). "Thus, courts in this Circuit routinely dismiss requests for declaratory judgment when the parties' rights will be adjudicated through a

breach of contract claim in the same action." *Com. Lubricants, LLC v. Safety-Kleen Sys., Inc.,* No. 14-CV-7483 (MKB), 2017 WL 3432073, at *17 (E.D.N.Y. Aug. 8, 2017) (collecting cases).

Here, Optanix seeks "a declaration that (A) the MSA remains active and enforceable; (B) the Quotes remain valid and enforceable; (C) that neither the MSA nor the Quotes have been validly terminated by Alorica; and (D) that Alorica's attempted terminations constitute a breach and anticipatory repudiation of the Contract." Compl. ¶ 52. Optanix's breach of contract claim asserts that the MSA and the Quotes constitute the contract between Optanix and Alorica, which Alorica has materially breached by "failing to pay amounts due and owing and by representing that it will not pay any further amounts that become due and owing under the Contract." *Id.* ¶ 55.

The declaratory judgment that Optanix seeks would serve neither of the two objectives of declaratory relief. Optanix's claim for declaratory judgment essentially replicates the issues that will be resolved by a determination on Optanix's breach of contract claim. The Court will analyze the parties' rights and obligations under the MSA and the Quotes in connection with Optanix's breach of contract claim. The claim for declaratory judgment would not clarify any uncertainty in the parties' legal relations that would otherwise remain unresolved as part of the breach of contract claim. Thus, a declaratory judgment would serve no purpose. *See Dolphin Direct Equity Partners, LP v. Interactive Motorsports & Entm't Corp.,* No. 08-CV-1558, 2009 WL 577916, at *11 (S.D.N.Y. Mar. 2, 2009)*, aff'd*, 419 Fed. App'x. 60 (2d Cir. 2011*)* (finding that, where the court was already analyzing the parties' rights under various agreements, "a declaratory judgment on the same issue[s] would be superfluous" (quoting *Core-Mark Int'l v. Commonwealth Ins. Co.*, No. 05-CV-183, 2006 WL 2501884, at *9 (S.D.N.Y. Aug. 30, 2006))); *see also EFG Bank AG, Cayman Branch v. AXA Equitable Life Ins. Co.*, 309 F. Supp. 3d 89, 100 (S.D.N.Y. 2018) ("Plaintiffs' contract claims will necessarily settle the issues for which the declaratory judgment is sought, meaning that the [declaratory judgment] claim[ ] will serve no useful purpose and will not serve to offer relief from uncertainty." (citations and quotation marks omitted)); *Mariah Re Ltd. v. Am. Fam. Mut. Ins. Co.*, 52 F. Supp. 3d 601, 623 (S.D.N.Y. 2014),

7

aff'd sub nom. *Maria Re Ltd. ex rel. Varga v. Am. Fam. Mut. Ins. Co.*, 607 F. App'x 123 (2d Cir. 2015) ("declaratory relief in this case would be wholly superfluous, as the resolution of [the plaintiff's] other claims would 'settle the issues for which declaratory judgment is sought.'" (citation omitted)); *Miramax Film Corp. v. Abraham*, No. 01-CV-5202, 2003 WL 22832384, at *15 (S.D.N.Y. Nov. 25, 2003) ("[t]he lawfulness of defendants' actions will be determined by resolution of the contract claim. Hence, the declaratory relief will serve no useful purpose."); *Sofi Classic S.A. de C.V. v. Hurowitz*, 444 F. Supp. 2d 231, 249–50 (S.D.N.Y. 2006) ("Plaintiffs' declaratory judgment claim seeks resolution of legal issues that will, of necessity, be resolved in the course of the litigation of the other causes of action. Therefore, the claim is duplicative in that it seeks no relief that is not implicitly sought in the other causes of action." (citation omitted); *Apple Records, Inc. v. Capitol Records, Inc.*, 529 N.Y.S.2d 279, 281 (App. Div. 1988) (dismissing a declaratory judgment claim concerning the calculation of future payments where resolution of the breach-of-contract claims would "sufficiently guide the parties on their future performance of the contracts").

## V. CONCLUSION

For the reasons stated above, Alorica's motion to dismiss Optanix's declaratory judgment claim is GRANTED.

SO ORDERED.

Dated: July 6, 2021  
New York, New York

GREGORY H. WOODS  
United States District Judge

8